1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LUKAS ELIJAH HENDERSON,                    Case No.  1:23-cv-01556-ADA-BAM

12              Plaintiff,                       SCREENING ORDER GRANTING
                                                 PLAINTIFF LEAVE TO AMEND
13        v.
                                                 (Doc. 1)
14   NIKE HEADQUARTERS,

15              Defendant.

16

17        Plaintiff Lukas Elijah Henderson ("Plaintiff"), proceeding pro se and in forma pauperis,

18   initiated this civil action on November 3, 2023.  (Doc. 1.)  Plaintiff's complaint is currently

19   before the Court for screening.

20   **I.        Screening Requirement and Standard**

21        The Court screens complaints brought by persons proceeding in pro se and in forma

22   pauperis.  28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to

23   dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be

24   granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28

25   U.S.C. § 1915(e)(2)(B)(ii).

26        A complaint must contain "a short and plain statement of the claim showing that the

27   pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

28   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

   To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.   Summary of Plaintiff's Allegations

   Plaintiff brings this action against Nike World Headquarters related to patent rights. Plaintiff also appears to pursue his claims on behalf of a corporation:  "Luca Vision Entertainment Furniture and Appliances ect."  (Doc. 1 at p. 3.)

   Plaintiff alleges, "The Nike adapt 2.0 light on the sides of the shoe as well as the sole of the shoe.  My Luca Vision 3D sole also lights up and change colors, emblems and at the sole, as you can see from . . . images . . . ."  (*Id.* at p. 4.)  Plaintiff includes photos of an apparent shoe with various emblems and a cell phone.  (Id. at pp. 8-10.)  As relief, Plaintiff appears to seek compensatory and punitive damages.  (*Id.* at p. 5.)

   In an attachment to the form complaint, Plaintiff states as follows:

> In janurary 2021 I started my business with several different patient notarized products including the luca vision exterior embelem self tighting changing shoe through a cell phone app as a copyright infringment I sueing them today for the maximum today as the shoe copywrite of id 382421774 and the nike adapt.

(*Id.* at p. 7) (unedited text).  It is unclear if this statement relates to the Small Claims Court form also attached to the complaint.  (*Id.* at p. 6.)

## III.   Discussion

   Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim upon which relief may be granted.  As Plaintiff is proceeding in pro se,

2

the Court will allow Plaintiff an opportunity to amend his complaint to the extent he can do so in good faith.

### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Plaintiff's complaint is not a plain statement of his claims.  While short, Plaintiff's complaint does not include sufficient factual allegations to state a cognizable claim.  Plaintiff does not clearly state what happened, when it happened, or who was involved.  He also does not clearly identify the nature and basis of his claims.  If Plaintiff files an amended complaint, it must include factual allegations related to his claims that identify what happened, when it happened, and who was involved.  Fed. R. Civ. P. 8.

### B. Representing Other Plaintiffs

Insofar as Plaintiff is attempting to assert claims on behalf of another entity or individual, he may not do so.  "Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him.  He has no authority to appear as an attorney for others than himself." *C.E. Pope Equity Trust v. U.S.,* 818 F.2d 696, 697 (9th Cir. 1987) (citations omitted).

Further, Plaintiff is advised that corporations, including limited liability corporations, may not appear in any action or proceeding *pro se* and must be represented by counsel. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993); *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004).

### C. Patent Infringement

"To assert a patent infringement claim, a plaintiff 'should identify the patents in dispute,

1 allege ownership of them, and allege the act that constitutes infringement.'" *Green v. Yavruyan*,

2 No. 3:21-cv-1045-GPC(BLM), 2021 WL 2790817, at *2 (S.D. Cal. June 8, 2021) (citations

3 omitted). Here, Plaintiff does not allege that he owns a patent, nor does he allege the acts

4 constituting any alleged infringement of that patent.

5        **D.  Copyright Infringement**

6        "Proof of copyright infringement requires [a plaintiff] to show: (1) that he owns a valid

7 copyright in [a work]; and (2) that [the defendant] copied protected aspects of the work."

8 *Douglas v. Warner Bros. Film*, No. 2:23-cv-02320-TLN-CKD (PS), 2023 WL 7305275, at *2

9 (E.D. Cal. Nov. 6, 2023) (quoting *Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*,

10 952 F.3d 1051, 1064 (9th Cir. 2020)).  To maintain an infringement action, a plaintiff must have

11 registered the subject work with the Copyright Office. *Id.* (citing 17 U.S.C. § 411(a)).  Here,

12 Plaintiff does not allege ownership of any copyrighted material that has been registered, nor does

13 he allege any specific acts that infringed upon his copyright.

14        **IV.    Conclusion and Order**

15        Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to

16 state a cognizable claim upon which relief may be granted.  As Plaintiff is proceeding pro se, the

17 Court will grant Plaintiff an opportunity to amend his complaint to cure these deficiencies to the

18 extent he is able to do so in good faith.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

19        Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

20 each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*,

21 556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to

22 raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations

23 omitted).  Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated

24 claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no

25 "buckshot" complaints).

26        Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.

27 *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended

28 complaint must be "complete in itself without reference to the prior or superseded pleading."

1  Local Rule 220.

2          Based on the foregoing, it is HEREBY ORDERED that:

3          1.        The Clerk's Office shall send Plaintiff a complaint form;

4          2.        Within thirty (30) days from the date of service of this order, Plaintiff shall file a

5  first amended complaint curing the deficiencies identified by the Court in this order or file a

6  notice of voluntary dismissal; and

7          3.        If Plaintiff fails to file an amended complaint in compliance with this order, then

8  the Court will recommend dismissal of this action, with prejudice, for failure to obey a court

9  order and for failure to state a claim upon which relief may be granted.

10

11  IT IS SO ORDERED.

12      Dated:   __**November 29, 2023**__          ____/s/ *Barbara A. McAuliffe*____

13                                                        UNITED STATES MAGISTRATE JUDGE

5