UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUKAS ELIJAH HENDERSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NIKE HEADQUARTERS,<br><br>　　　　Defendant. | Case No. 1:23-cv-01556-NODJ-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION WITH PREJUDICE<br><br>(Doc. 6) |

Plaintiff Lukas Elijah Henderson ("Plaintiff"), proceeding pro se and in forma pauperis, initiated this civil action on November 3, 2023. (Doc. 1.) On November 30, 2023, the Court screened Plaintiff's complaint and granted him leave to amend. (Doc. 4.) Plaintiff's first amended complaint, filed on December 18, 2023, is currently before the Court for screening. (Doc. 6.)

**I.　　Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the

1

pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Summary of Plaintiff's Allegations**

Plaintiff brings this action against Nike World Headquarters related to patent rights. Plaintiff also appears to pursue his claims on behalf of a corporation: "Luca Vision Entertainment Furniture and Appliances ect." (Doc. 6 at pp. 1, 3, 5.)

Plaintiff alleges that the residual right to the Nike BB LR Adapt rightfully belongs to Luca Vision Entertainment Furniture and Appliances ect.  He asserts that "under the [patent] right of the [N]ike shoe release date of July 2023 and shoe belonging to Luca vision entertainment furnture [sic] and [appliances] of June 2019 and 2021 the use of changing colors emblem and sole from a cell phone app." (*Id.* at p. 3.) As relief, Plaintiff seeks the legal right for the sales of shoe Nike Adapt 2.0 BB LR, along with punitive damages for individual patent rights. (*Id.* at p. 4.)

**III.     Discussion**

**A. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause

of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Plaintiff's complaint is not a plain statement of his claims. While short, Plaintiff's amended complaint does not include sufficient factual allegations to state a cognizable claim. He does not clearly include facts describing what happened or when it happened. Despite being provided with the relevant pleading standard, Plaintiff has been unable to cure this deficiency.

**B.  Representing Other Plaintiffs**

Insofar as Plaintiff is attempting to assert claims on behalf of another entity or individual, such as Luca Vision Entertainment Furniture and Appliances ect., he may not do so. "Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him. He has no authority to appear as an attorney for others than himself." *C.E. Pope Equity Trust v. U.S.,* 818 F.2d 696, 697 (9th Cir. 1987) (citations omitted).

Further, corporations, including limited liability corporations, may not appear in any action or proceeding *pro se* and must be represented by counsel. *See  Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993); *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004).

**C.  Patent Infringement**

"To assert a patent infringement claim, a plaintiff 'should identify the patents in dispute, allege ownership of them, and allege the act that constitutes infringement.'" *Green v. Yavruyan*, No. 3:21-cv-1045-GPC(BLM), 2021 WL 2790817, at *2 (S.D. Cal. June 8, 2021) (citations omitted). Here, Plaintiff does not identify the relevant patents in dispute. He also does not allege that he owns a patent, nor does he allege the acts constituting any alleged infringement of that patent. Plaintiff has included various exhibits attached to his amended complaint, but those exhibits do not reflect ownership of a valid patent. Despite being provided with the relevant legal standard, Plaintiff has been unable to cure this deficiency.

**IV.     Conclusion and Order**

Plaintiff's amended complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim upon which relief may be granted.  Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his complaint.  Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, for the reasons stated above, IT IS HEREBY RECOMMENDED that this action be dismissed, with prejudice, for failure to comply with Federal Rule of Civil Procedure 8 and failure state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 27, 2023**          /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE